IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40173
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO SALDIVAR-GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-247-1
--------------------
January 7, 2003

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Gilberto Saldivar-Gonzalez appeals his sentence following
his guilty-plea conviction for illegally reentering the United
States after having been previously deported, in violation of 8
U.S.C. §§ 1326(a) and (b). Saldivar-Gonzalez argues, and the
Government correctly concedes, that the district court erred in
assessing a 16-level increase to Saldivar-Gonzalez' offense score
pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) by determining that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Saldivar-Gonzalez' prior state-court conviction for retaliation constituted a "crime of violence."  We agree that the district court committed reversible error when it determined that the retaliation conviction constituted a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Accordingly, Saldivar-Gonzalez' sentence is VACATED and his case is REMANDED to the district court for resentencing.  See United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999).

Saldivar-Gonzalez also argues that the voluntary disclosure of an offense is a permissible basis for a downward departure. See U.S.S.G. § 5K2.16, p.s.  If Saldivar-Gonzalez renews his request for a downward departure on this ground, the district court should determine whether he is entitled to such downward departure.  See United States v. Palmer, 122 F.3d 215, 222 (5th Cir. 1997).

SENTENCE VACATED; REMANDED FOR RESENTENCING.